UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRANK BRETT,

    Plaintiff,

v.                                                           Case No:   6:16-cv-667-Orl-37TBS

DAVID BAKER, BILL NAULTY, DAVID
SAMSON, CAPE REGIONAL MEDICAL
CENTER, JOHN WHITE, DAVID
GRAHAM, ROB HOMES, ROB LAUFF,
STEINGER, ISCOE, GREEN, STERLING
TARBETT, MR. PIKE and STEPHIE
BINGHAM LAPATA,

    Defendants.

## ORDER

On April 22, 2016, I recommended that Plaintiff's complaint be dismissed without leave to amend because his claims, to the extent they are comprehensible, are frivolous, incredible, and part of an ongoing pattern of filing meritless lawsuits (Doc. 4).   Now before the Court is Plaintiff's three sentence motion titled Motion to Recuse Magistrate Judge and Motion for a Court Appointed Attorney (Doc. 7).

Plaintiff requests that I recuse myself because I "may have an interest with [my] church organization in this case."   (Id.).   It is unclear what "church organization" Plaintiff is referring to, as none of the Defendants are a church.   In any event, Plaintiff's motion is insufficient as a matter of law.   See 28 U.S.C. § 455(a); In re Evergreen Sec., Ltd., 570 F.3d 1257, 1263 (11th Cir. 2009) ("The inquiry of whether a judge's impartiality might reasonably be questioned under § 455(a) is an objective standard designed to promote the public's confidence in the impartiality and integrity of the judicial process.") (internal

quotations omitted); <u>United States v. Cerceda</u>, 188 F.3d 1291, 1292 (11th Cir. 1999) ("[A] charge of partiality must be supported by some factual basis …. Recusal cannot be based on 'unsupported irrational or highly tenuous speculation.'") (quoting <u>In re United States</u>, 666 F.2d 690, 694 (1st Cir. 1981)); <u>Weatherhead v. Globe Int'l, Inc.</u>, 832 F.2d 1226, 1227 (10th Cir. 1987) ("Allegations under [§ 455] need not be taken as true"); 28 U.S.C. § 144 (requiring an affidavit stating the facts and the reasons for a party's belief that a judge has a personal bias or prejudice).

Plaintiff requests court appointed counsel because he has suffered and needs an injunction. "A plaintiff in a civil case has no constitutional right to counsel. A court may, however, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff. The district court has broad discretion in making this decision." <u>Bass v. Perrin</u>, 170 F.3d 1312, 1320 (11th Cir. 1999). The Court finds nothing exceptional about this case that would cause it to exercise its discretion to appoint counsel.

For these reasons, Plaintiff's motion (Doc. 7) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 2, 2016.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copy furnished to Plaintiff, pro se